# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| BENJAMIN HOWLET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14-cv-01077-AKK-SGC |
| ) | |
| CARTER F. DAVENPORT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report on November 13, 2014, recommending the dismissal of this action without prejudice for failing to state a claim upon which relief may be granted based upon the expiration of the statute of limitations applicable to claims under 42 U.S.C. § 1983. The plaintiff filed objections to the report and recommendation on December 19, 2014. (Doc. 11).

The gist of the plaintiff's objections is that he was induced to refrain from filing suit based upon statements made by an Alabama Department of Corrections (ADOC) "I & I" investigator, who allegedly: (1) told the plaintiff he would advise him of the outcome of the internal investigation into the events made the basis of the claims in this action; and (2) led the plaintiff to believe ADOC would offer him monetary damages and mental health counseling to compensate him for his "wounds and mental anguish." (Doc. 11 at 2-3 and 8-10). The plaintiff states he never heard back from the ADOC Investigator after their initial meeting, which occurred while the plaintiff was still recovering from his injuries. (*Id*. at 2-3.)

The plaintiff's objections are essentially an assertion that the court should equitably toll the statute of limitations. Unfortunately for Plaintiff, this assertion is without merit because where, as here, a federal statute borrows a state statute of limitations period, as with § 1983 claims, the

corresponding state tolling rules are borrowed as well. *Heimeshoff v. Hartford Life & Accident Insurance Co.*, 134 S. Ct. 604, 616 (2013); *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989). The Supreme Court of Alabama has held "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Weaver v. Firestone*, --- So. 3d ---, 2013 WL 6516389, at *4 (Ala. 2013). The court has defined these "extraordinary circumstances" as matters beyond the plaintiff's control and "unavoidable even with the exercise of due diligence." *Id.*[1] Based on this court's review, nothing in the plaintiff's objections meets this strict burden.

Accordingly, having carefully reviewed and considered *de novo* all of the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and hereby is **ADOPTED** and her recommendation is **ACCEPTED**. Therefore, in accordance with 28 U.S.C. § 1915A(b)(1), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

A Final Judgment will be entered.

**DONE** this 30th day of January, 2015.

*[signature]*
_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[1] The Eleventh Circuit imposes nearly identical burdens, calling equitable tolling "an extraordinary remedy which is typically applied sparingly." *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). In fact, "[b]ecause of the difficult burden, [the Eleventh Circuit] has rejected most claims for equitable tolling." *Diaz v. Secretary for Dept. of Corrections*, 362 F.3d 698, 701 (11th Cir. 2004).